**JAMES S. TERRELL, ESQ. (SBN: 170409)**
LAW OFFICE OF JAMES S. TERRELL
15411 Anacapa Road
Victorville, California 92392
Telephone: 760-561-2699
Facsimile: 760-952-1085
E-mail: jim@talktoterrell.com

**SHARON J. BRUNNER, (SBN: 229931)**
LAW OFFICE OF SHARON J. BRUNNER
14393 Park Avenue, Suite 100
Victorville, CA 92392
Telephone: 760-243-9997
Telephone: 760-843-8155
E-mail: sharonjbrunner@yahoo.com

**Attorneys for Plaintiff:**
**RALPH ROBERT LOPEZ**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Plaintiff,** | **Case No.: 5:19-cv-1727** |
| | **COMPLAINT FOR DAMAGES** |
| **RALPH ROBERT LOPEZ,** | |
| **Vs.** | 1. **Fourth Amendment – Unlawful Seizure/Detention (42 USC 1983)** |
| **CITY OF FONTANA, SERGEANT SCOTT SNYDER, CORPORAL RICHARD HUNT, OFFICER SHAWN MICHELS and DOES 1-10, Inclusive.** | 2. **Fourth Amendment – Excessive Force (42 U.S.C. 1983)** |
| **Defendants.** | 3. **Municipal Liability— Ratification (42 U.S.C. § 1983)** |
| | 4. **Municipal Liability— Inadequate Training (42 U.S.C. § 1983)** |
| | 5. **Municipal Liability Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)** |

COMPLAINT FOR DAMAGES

- 1 -

| | |
|---|---|
| ) | **6. Battery (Wrongful Death)** |
| ) | **7. Negligence (Wrongful Death)** |
| ) | **8. Violation of Cal. Civil Code §** |
| ) | **52.1** |
| ) | **[DEMAND FOR JURY TRIAL]** |
| ) | |
| ) | |
| ) | |
| ) | |
| ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Ralph Robert Lopez, for his Complaint against Defendants City of Fontata, Sgt. Scott SNYDER, Corporal Richard HUNT, Officer Shawn MICHELS and DOES 1-10, inclusive, and alleges as follows:

## JURISDICTION AND VENUE

1.  This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. This Court has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

///

///

2.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

## INTRODUCTION

3.      This civil rights and state action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with this officer-involved shooting of Plaintiff on October 2, 2018.

## PARTIES

4.      At all relevant times, Plaintiff Ralph Lopez ("PLAINTIFF"), was an individual residing in the City of Fontana, California.

5.      At all relevant times, Defendant CITY OF FONTANA ("CITY") is and was a municipal corporation existing under the laws of the State of California. CITY is a chartered subdivision of the State of California with the capacity to be sued. CITY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the Fontana Police Department ("FPD") and its agents and employees.

///

///

6.     At all relevant times, Defendant CITY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the and its employees and agents complied with the laws of the United States and of the State of California. At all relevant times, CITY was the employer of Defendants Sgt. Scott SNYDER, Corporal Richard HUNT, Officer Shawn MICHELS, and DOES 1-10.

7.     Defendant **SERGEANT SCOTT SNYDER** ("SNYDER") is and was at all times herein mentioned a Sergeant employed by Defendant CITY OF COLTON. He is being sued in his individual capacity and in his official capacity as a Sergeant for the COUNTY.

8.     Defendant **CORPORAL RICHARD HUNT** ("HUNT") is and was at all times herein mentioned a Sergeant employed by Defendant CITY OF COLTON. He is being sued in his individual capacity and in his official capacity as a Corporal for the COUNTY.

9.     Defendant **OFFICER SHAWN MICHELS** ("MICHELS") is and was at all times herein mentioned a Sergeant employed by Defendant CITY OF COLTON. He is being sued in his individual capacity and in his official capacity as a Sergeant for the COUNTY.

10.    On information and belief, DOES 1-10 were residents of the City of Fontana, County of San Bernardino.

///

11.   In doing the acts and failing and omitting to act as hereinafter described, Defendants DOES 1-5 acting on the implied and actual permission and consent of Defendants and DOES 6-10.

12.   The true names and capacities, whether individual, corporate, association or otherwise of Defendants DOES 1-10, inclusive, are unknown to Plaintiff, who otherwise sues these Defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to show the true names and capacity of these Defendants when they have been ascertained. Each of the fictitiously named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

13.   At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every defendant.

14.   All of the acts complained of herein by Plaintiff against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity. Moreover, Defendants and their agents ratified all of the acts complained of herein.

15.   DOES 1-10 are sued in their individual capacity and official capacity.

///

16.   On or around May 4, 2018, PLAINTIFF filed a comprehensive and timely claim for damages with the City of Fontana in substantial compliance with § 910 of the California Government Code. The Governmental Tort Claim was denied on March 12, 2019.

## **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

17.   Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 16 of this Complaint with the same force and effect as if fully set forth herein.

18.   This incident occurred on October 2, 2018, at approximately 5:00 p.m. in the City of Fontana.

19.   On October 2, 2018, PLAINTIFF was visiting a friend at an apartment located at 1401 East Santo Antonio Drive in Fontana, California.

20.   PLAINTIFF exited the apartment on or around 5:15 p.m. in the evening and got into the driver's seat of his friend's vehicle. PLAINTIFF had previously been given permission to use his friend's vehicle.

21.   When PLAINTIFF got into the vehicle, he immediately turned his attention to adjusting the radio. After looking down to adjust the radio, PLAINTIFF started to back out of the parking spot and noticed what he described as an older model van proceeding to park next to his spot.

///

///

22.   As PLAINTIFF continued to back-out he noticed that the van made an abrupt maneuver and blocked him from further backing out of the parking spot. PLAINTIFF believes that the vehicle actually made physical contact with his friend's car because of the abrupt and erratic movement. Once the van blocked PLAINTIFF' vehicle from backing up he immediately saw one man described as a Caucasian man wearing civilian clothing jump out of the van and rush towards his vehicle, holding a firearm.

23.   PLAINTIFF then saw a second vehicle (possibly a Ford Flex) rush at his vehicle. PLAINTIFF' immediately became concerned about being robbed.

24.   PLAINTIFF had been the recent subject of online conversations where he was the target of individuals wanting to rob him for his gold jewelry. PLAINTIFF had contracted a local jeweler to create a personalized gold chain for his use and to promote his clothing business.

///

///

///

///

///

///

///

///

25.   PLAINTIFF posted a picture of himself wearing the gold chain after he received the jewelry. Subsequent to posting the picture, PLAINTIFF received numerous posts and comments which discussed making him a target/mark of a possible robbery. Given PLAINTIFF'S state of mind he immediately believed that he was going to be robbed.  PLAINTIFF drew this conclusion as all vehicles were civilian vehicles and not marked in any manner as law enforcement. Furthermore, the man PLAINTIFF saw jump out of the first vehicle was wearing shorts and a t-shirt.  Plaintiff visualized the man who was wearing civilian clothing to be brandishing a handgun.  This man had no markings, no badge, or uniform representing he was with law enforcement. PLAINTIFF saw two additional men at his passenger side door, also with guns pointed at him.

26.   PLAINTIFF began to hear the men scream for PLAINTIFF to put his hands up in the air. PLAINTIFF complied and put his arms in the air as he caught a glimpse of a man at his door holding a gun. As PLAINTIFF was fully cooperating and complying with all of the commands PLAINTIFF heard glass shattering on the passenger side of the vehicle. PLAINTIFF also heard what he thought to be a gun being discharged.

///

///

///

27.   PLAINTIFF then felt pain in his right hand and realized that he had been shot. Additionally, PLAINTIFF suffered a shot directly to his right hand. PLAINTIFF was covered in shattered glass and bleeding from his hand and arm. Numerous glass fragments became embedded in PLAINTIFF' arms and chest area. PLAINTIFF cried out, "WHY DID YOU SHOOT ME?!?!" After PLAINTIFF was out of the car he continued to express his shock, fear and pain over being shot in the hand by one of the men (later discovered to be a Fontana officer) at the scene.

28.   In response to the expressions and cries of PLAINTIFF, two unknown Fontana Police Officer hit PLAINTIFF in the head several times with their guns.  PLAINTIFF describes the hitting as being "pistol whipped'. As a result of the pistol-whipping he suffered a large open wound on his head. PLAINTIFF also witnessed an Officer on the scene, intentionally step on and destroy his personal property (Ray Ban Sunglasses valued at $700.00).

### FIRST CAUSE OF ACTION
**Unlawful Seizure/Detention**
**42 SC 1983**
**(Plaintiff Against All Defendants Including Sgt. SNYDER, Corporal HUNT, Officer MICHELS and Does 1-10)**

29.   At the time, PLAINTIFF was operating a vehicle that was in reverse, backing up. There was no probable cause to stop or detain the Plaintiff. The Plaintiff was operating a vehicle and had not committed any crime.

///

30.     These unmarked cars attempted to quasi-box in PLAINTIFF who saw white males in plainclothes with no police markings, wearing shorts, surround the Plaintiff in his vehicle, with handguns pointed at him.

31.     PLAINTIFF slowly attempted to back the vehicle he was driving out of the parking space to avoid being robbed.  The vehicles who surrounded PLAINTIFF'S vehicle did not have any visual indications they were law enforcement vehicles, nor did the vehicles have any unit/patrol lights consistent with law enforcement vehicles.

32.     At no time did the named Defendants identify themselves as police officers. The three men, now known to be Fontana City Police Officers, yelled, "MOTHERFUCKER!!! MOTHERFUCKER!!!" at PLAINTIFF.  The words "Fontana Police Department" were never yelled, or stated by any of the three men.  Additionally, PLAINTIFF was never given a command by these law enforcement men.

33.     The named officers (known to be officers at the time) pointed their guns at PLAINTIFF'S head.

///

///

///

///

///

### SECOND CLAIM FOR RELIEF
**Fourth Amendment —Excessive Force (42 U.S.C. § 1983)**
**(Against Defendants Plaintiff Against Sgt. SNYDER, Corporal HUNT,**
**Officer MICHELS and Does 1-10)**

34. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 33 of this Complaint with the same force and effect as if fully set forth herein.

35. Defendant, CORPORAL HUNT, used excessive force against PLAINTIFF when he shot him. Defendant, SNYDER, pistol whipped the PLAINTIFF and Defendant, Officer MICHELS, punched PLAINTIFF. Defendants' unjustified use of force deprived PLAINTIFF of his right to be secure in his person against unreasonable searches and seizures as guaranteed to PLAINTIFF under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

36. As a result of the foregoing, PLAINTIFF suffered great physical pain and emotional distress, loss of use of his hand, loss of range of motion for his hand/thumb, permanent scarring, and loss of earning capacity.

37. The conduct of Defendants, SNYDER, HUNT, and MICHELS, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of PLAINTIFF, and therefore warrants the imposition of exemplary and punitive damages as to Defendants, SNYDER, HUNT, and MICHELS.

///

38. The shooting was excessive and unreasonable, and PLAINTIFF posed no immediate threat of death or serious bodily injury at the time of the shooting. Further, Defendant HUNT'S shooting and use of force violated his training and standard police officer training. Defendant SNYDER'S pistol whipping and MICHELS' beating all were in violations of standard Police Officer training.

39. PLAINTIFF brings this claim as he has suffered and is suffering, emotional distress, loss of range of motion of his hand/thumb, permanent scarring and ongoing pain. PLAINTIFF also seeks attorney's fees under this claim.

**THIRD CLAIM FOR RELIEF**
**Municipal Liability – Ratification (42 U.S.C. § 1983)**
**(Against All Defendants)**

40. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 39 of this Complaint with the same force and effect as if fully set forth herein.

41. Named Defendants and DOE OFFICERS acted under color of law.

42. The acts of named Defendants and DOE OFFICERS deprived PLAINTIFF and PLAINTIFF of his particular rights under the United States Constitution.

///

///

///

///

43.   A final policymaker, acting under color of law, who had final policymaking authority concerning the acts of Defendants DOE OFFICERS, ratified Defendants DOE OFFICERS' detention and use of deadly force against Plaintiff and Defendant DOE OFFICERS' basis for this conduct, despite having information and evidence that show that Defendants DOE OFFICERS' detention and arrest of PLAINTIFF was unlawful and that their use of deadly force against PLAINTIFF was excessive because he did not pose an immediate threat of death or serious bodily injury at the time of the shooting. The final policymaker knew of and specifically approved of Defendants DOE OFFICERS' acts.

44.   Upon information and belief, a final policymaker has determined that the acts of Defendants DOE OFFICERS were "within policy."

45.   On May 13, 2015, a wrongful death claim was filed alleging excessive force, Monell, violations of custom/practice in M.A.L. v. City of Fontana 5:15-cv-0074-VAP-SP. In other cases, Monell and Excessive force were litigated in Jason Chidler v. City of Fontana, et al. February 2, 2016. 5:16-cv-00193-VAP-DJB Marie Catherine Olivas v. City of Fontana. 5:05-cv-00034-SGL-OP.  These mentioned cases demonstrate an ongoing unlawful custom and practice of violating the civil rights of citizens, which condoned and offending officers are left undisciplined.

///

46.   The aforementioned acts and omissions also caused PLAINTIFF's pain and suffering, loss of the use of his hand.

47.   Accordingly, Defendants, CITY, DOE OFFICERS, and DOES 6-10, each are liable to PLAINTIFF for compensatory damages under 42 U.S.C. § 1983.

48.   PLAINTIFF brings this claim and seeks both survival damages, including pain and suffering, emotional distress, loss of life, and loss of enjoyment of life, and  damages under this claim. PLAINTIFF also seeks attorney's fees under this claim.

**FOURTH CLAIM FOR RELIEF**
**Municipal Liability – Failure to Train (42 U.S.C. § 1983)**
**(Against All Defendants)**

49.    Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 48 of this Complaint with the same force and effect as if fully set forth herein.

50.   Defendants, DOE OFFICERS, acted under color of law.

51.   The acts of Defendants, DOE OFFICERS deprived PLAINTIFF and PLAINTIFF of their particular rights under the United States Constitution.

///

///

///

///

52.   The training policies of Defendant, CITY, were not adequate to train its officers to handle the usual and recurring situations with which they must deal. Specifically, Defendant, CITY'S, training policies were not adequate to train its officers to avoid unlawful detentions and arrests and excessive uses of force. Defendant, CITY'S, training policies were not adequate to train the officers to properly use nonlethal and lethal force in the event that such force was warranted.

53.   Defendant, CITY, was deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

54.   The failure of Defendant, CITY, to provide adequate training, including training with regards to detentions and use of force caused the deprivation of PLAINTIFF's and PLAINTIFF's rights by Defendants DOE OFFICERS; that is, Defendants' failure to train is so closely related to the deprivation of the PLAINTIFF's and PLAINTIFF's rights as to be the moving force that caused the ultimate injury.

55.   On information and belief, CITY failed to train Defendants, DOE OFFICERS, properly and adequately.

///

///

///

///

56. On May 13, 2015, a wrongful death claim was filed alleging excessive force, Monell, violations of custom/practice in M.A.L. v. City of Fontana 5:15-cv-0074-VAP-SP. In other cases, Monell and Excessive force were litigated in Jason Chidler v. City of Fontana, et al. February 2, 2016. 5:16-cv-00193-VAP-DJB Marie Catherine Olivas v. City of Fontana. 5:05-cv-00034-SGL-OP.

57. By reason of the aforementioned acts and omissions also caused PLAINTIFF'S pain and suffering and loss of enjoyment of his hand.

58. Accordingly, Defendants, CITY, DOE OFFICERS, AND DOES 6-10, each are liable to PLAINTIFF for compensatory damages under 42 U.S.C. § 1983.

59. PLAINTIFF brings this claim and seeks damages to include pain and suffering, emotional distress, loss of use of his hand/thumb, damages for the violation of PLAINTIFF'S rights.   PLAINTIFF also seeks attorney's fees under this claim.

**FIFTH CLAIM FOR RELIEF**
**Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983)**
**(Against All Defendants)**

60. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 59 of this Complaint with the same force and effect as if fully set forth herein.

61. Defendants, DOE OFFICERS, acted under color of law.

62.    Defendants, DOE OFFICERS, acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the Defendant, CITY.

63.    On information and belief, Defendants, DOE OFFICERS, were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with PLAINTIFF'S injuries and his violation of his rights.

64.    Defendants, CITY, DOE OFFICERS, and DOES 6-10, together with CITY policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

    a.  Using excessive force, including excessive deadly force;

    b.  Providing inadequate training regarding the use of deadly force;

    c.  Employing and retaining as police officers individuals such as Defendants, DOE OFFICERS, who Defendant, CITY, at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force;

    d.  Inadequately supervising, training, controlling, assigning, and disciplining CITY officers, and other personnel, including Defendants DOE OFFICERS, who Defendant CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

///

e. Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by CITY officers, including Defendants, DOE OFFICERS;

f. Failing to adequately discipline CITY police officers, including Defendants DOE OFFICERS, for the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct; (g) Announcing that unjustified shootings are "within policy," including shootings that were later determined in court to be unconstitutional;

g. Even where shootings are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers involved;

h. Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of police shootings, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in unjustified shootings.

COMPLAINT FOR DAMAGES

- 18 -

   i. Failing to properly train police officers to use nonlethal force and to maintain their equipment concerning nonlethal force.

65. On May 13, 2015, a wrongful death claim was filed alleging excessive force, Monell, violations of custom/practice in M.A.L. v. City of Fontana 5:15-cv-0074-VAP-SP. In other cases, Monell and Excessive force were litigated in Jason Chidler v. City of Fontana, et al. February 2, 2016. 5:16-cv-00193-VAP-DJB Marie Catherine Olivas v. City of Fontana. 5:05-cv-00034-SGL-OP.

66. By reason of the aforementioned acts and omissions, PLAINTIFF has suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of PLAINTIFF. The aforementioned acts and omissions also caused PLAINTIFF's pain and suffering.

67. Named Defendants, CITY, DOE OFFICERS, and DOES 6-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of PLAINTIFF, and other individuals similarly situated.

68.  By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants, DOE OFFICERS and DOES 6-10, acted with intentional, reckless, and callous disregard for the life of PLAINTIFF and for PLAINTIFF'S and PLAINTIFF'S constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants CITY, DOE OFFICERS, and DOES 6-10 were affirmatively linked to and were a significantly influential force behind the injuries of PLAINTIFF and PLAINTIFF, including but not limited to Defendants DOE OFFICERS' unreasonable detention of PLAINTIFF and use of excessive force, including deadly force, against PLAINTIFF.

69.  Accordingly, Defendants, CITY, DOE OFFICERS, AND DOES 6-10, each are liable to PLAINTIFF for compensatory damages under 42 U.S.C. § 1983.

70.  PLAINTIFF brings this claim and seeks damages, including pain and suffering, emotional distress, loss of the use of his hand, and damages for the violation of PLAINTIFF's rights. PLAINTIFF also seeks attorney's fees under this claim.

///

///

///

///

# SIXTH CLAIM FOR RELIEF
## Battery
## (Wrongful Death)
## (Against All Defendants including Sgt. SNYDER, Corporal HUNT, Officer MICHELS and Does 1-10)

71.   Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 70 of this Complaint with the same force and effect as if fully set forth herein.

72.   Named Defendants and DOE OFFICERS, while working as an officer for the Fontana Police Department, and acting within the course and scope of his duties, intentionally shot PLAINTIFF and used unreasonable and excessive force against him. As a result of the actions of named Defendants, Sgt. SNYDER, Corporal HUNT, Officer MICHELS and DOE OFFICERS, PLAINTIFF suffered and continues to suffer from his injuries. Defendants, DOE OFFICERS, had no legal justification for using force against PLAINTIFF, and their use of force while carrying out their duties as police officers was an unreasonable and excessive use of force.

73.   As a direct and proximate result of the conduct of Defendants, DOE OFFICERS, as alleged above, PLAINTIFF sustained injuries and died from his injuries and also lost his earning capacity and/or had his earning capacity compromised.

///

74.     CITY is vicariously liable for the wrongful acts of Defendants DOE OFFICERS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

75.     The conduct of Defendants DOE OFFICERS was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of PLAINTIFF and PLAINTIFF, entitling PLAINTIFF, individually and as to an award of exemplary and punitive damages as to Defendants DOE OFFICERS.

## SEVENTH CLAIM FOR RELIEF
### Negligence
### (Against all Defendants Including Sgt. SNYDER, Corporal HUNT, Officer MICHELS)

76.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 75 of this Complaint with the same force and effect as if fully set forth herein.

///

///

///

///

///

77.   Police officers, including Defendants, have a duty to use reasonable care to prevent harm or injury to others. This duty includes using appropriate tactics, giving appropriate commands, giving warnings, and not using any force unless necessary, using less than lethal options, and only using deadly force as a last resort. Corporal HUNT using a loaded gun and attempting to break glass was extremely reckless and dangerous, as was SNYDER and MICHELS' pistol whipping of the Plaintiff.

78.   Defendants breached their duty of care. Upon information and belief, the actions and inactions of Defendants DOE OFFICERS and DOES 6-10 were negligent and reckless, including but not limited to:

   a.   The failure to properly and adequately assess the need to detain, arrest, and use force or deadly force against PLAINTIFF;

   b.   The negligent tactics and handling of the situation with PLAINTIFF, including pre-shooting negligence;

   c.   The negligent detention, arrest, and use of force, including deadly force, against PLAINTIFF;

   d.   The failure to provide prompt medical care to PLAINTIFF;

   e.   The failure to properly train and supervise employees, both professional and non-professional, including DOE OFFICERS;

///

///

f.   The failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of PLAINTIFF;

g.   The negligent handling of evidence and witnesses; and

h.   The negligent communication of information during the incident.

79.   As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, PLAINTIFF suffered, and continues to suffer, physical and emotional pain and suffering. Also as a direct and proximate result of Defendants' conduct as alleged above, PLAINTIFF suffered, and continues to suffer, emotional distress and mental anguish.

80.   CITY is vicariously liable for the wrongful acts of Defendants DOE OFFICERS and DOES 6-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

**EIGHTH CLAIM FOR RELIEF**
**(Violation of Cal. Civil Code § 52.1)**
**(Against all Defendants including Sgt. SNYDER, Corporal HUNT, Officer MICHELS)**

81.   Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 80 of this Complaint with the same force and effect as if fully set forth herein.

COMPLAINT FOR DAMAGES

82.  California Civil Code, Section 52.1 (the Bane Act), prohibits any person from using violent acts or threatening to commit violent acts in retaliation against another person for exercising that person's constitutional rights.

83.  On information and belief, Defendants including Sgt. SNYDER, Corporal HUNT, Officer MICHELS and DOE OFFICERS, while  working for the CITY and acting within the course and scope of their duties,  intentionally committed and attempted to commit acts of violence against  PLAINTIFF or acted in reckless disregard of Plaintiff's civil rights, including by  shooting him without justification or excuse, and by denying him necessary medical care.

84.  When  Defendant  HUNT  shot  PLAINTIFF,  he  interfered with PLAINTIFF'S civil rights to be free from unreasonable searches and seizures, to due process, to equal protection of the laws, to medical care, to be free from state actions that shock the conscience, and to life, liberty, and property.

85.  On  information  and  belief,  Defendants  intentionally  and  spitefully committed the above acts to discourage PLAINTIFF from exercising his civil rights, to retaliate against him for invoking such rights, to prevent him from exercising such rights, or acted in reckless disregard of his civil rights, which he was fully entitled to enjoy.

86. On information and belief, PLAINTIFF reasonably believed and understood that the violent acts committed by Defendants SNYDER, HUNT, and MICHELS, inclusive were intended to discourage him from exercising the above civil rights, to retaliate against him, or invoking such rights, or to prevent him from exercising such rights.

87. Defendants successfully interfered with the above civil rights of PLAINTIFF. The shooting, pistol whipping and beating of PLAINTIFF was intentionally and spitefully committed.

88. The conduct of Defendants was a substantial factor in causing PLAINTIFF's harms, losses, injuries, and damages.

89. CITY is vicariously liable for the wrongful acts of Defendants, DOE OFFICERS and DOES 6-10, inclusive pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

90. Defendants, DOES 6-10, are vicariously liable under California law and he doctrine of *respondeat superior*.

91. The conduct of Defendants DOE OFFICERS was malicious, wanton, oppressive, and accomplished with a conscious disregard for PLAINTIFF's rights, justifying an award of exemplary and punitive damages as to Defendants DOE OFFICERS.

92.   PLAINTIFF also seeks treble damages, attorney's fees, and costs under this claim.

**WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.**

## PRAYER

WHEREFORE, Plaintiffs pray for relief, as follows:

1.  For general damages in a sum according to proof;
2.  For special damages in a sum according to proof;
3.  For punitive damages in a sum according to proof;
4.  For reasonable attorney's fees pursuant to 42 U.S.C. §1988;
5.  For statutory civil penalties;
6.  For cost of suit herein incurred; and
7.  For such other and further relief as the Court deems just and proper.

Respectfully Submitted:

**LAW OFFICE OF JAMES S. TERRELL**

Dated: September 10, 2019          */s/James S. Terrell*
JAMES S. TERRELL, ESQ.
Attorney for Plaintiff

**LAW OFFICE OF SHARON J. BRUNNER**

Dated: September 10, 2019     */s/Sharon J. Brunner*
SHARON J. BRUNNER, ESQ.
Attorney for Plaintiff

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues.

Dated: September 10, 2019        LAW OFFICE OF SHARON J. BRUNNER

By:      */s/ Sharon J. Brunner*
_____
Sharon J. Brunner
*Attorneys for Plaintiff*

Dated: September 10, 2019        LAW OFFICE OF JAMES S. TERRELL

By:      */s/ James S. Terrell*
_____
JAMES S. TERRELL
*Attorneys for Plaintiff*